UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Criminal No. 17-10042-NMG |
| | ) |
| EDGAR BELIS | ) |

**Status Update Regarding Defendant's Motion for Re-Sentencing Pursuant to 28 U.S.C. § 2255, and to Stay Proceedings**

On November 24, 2021, the defendant, Edgar Belis, moved Pursuant to 28 U.S.C. § 2255 that this Honorable Court vacate his sentence and remand the case for resentencing, and stay proceedings based upon vacateur of one prior state conviction that revealed fundamental defects, that if uncorrected, would result in a miscarriage of justice. The defendant submits this status update because a second prior state conviction has been overturned on the same grounds, and he continues to pursue vacateur of two other prior state convictions. The vacateur of his state convictions in light of the fact that a state chemist had falsified drug analysis certificates and contaminated negative samples so that they would test positive, constitutes an exceptional circumstance, and that the defendant's sentence in this case was increased based on such state court convictions. See also, Cuevas v. United States, 778 F.3d 267 (2015).

The defendant files this status update for the Court, and requests an additional stay of proceedings.

In support of this motion, Mr. Belis states the following:

1. On April 27, 2018, Mr. Belis pled guilty to a two-count Indictment. Count 1 charged Possession with intent to distribute cocaine and 400 grams of Fentanyl, in violation of 21 U.S. C. § 841(a)(1); 21 U.S.C. §841(b)(1)(A)(vi); Count 2 charged Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S. C. § 922(g)(1) and 18 U.S.C. § 922(e)(1).

1

2. The minimum mandatory sentence Mr. Belis faced was fifteen years in Federal Prison. Based on certain prior convictions in Massachusetts State Court, probation determined that Mr. Belis was both an Armed Career Criminal and Career Offender under the United States Sentencing Guidelines.  On December 18, 2018, he was sentenced to 190 months in Federal Prison, followed by five years of supervised release.  He remains in the custody of the BOP, and is currently being held at FCI-Fort Dix.

3. Mr. Belis pursued an appeal of his sentence, as well as pursuant to <u>Rehaif v. United States</u>, 139 S. Ct. 2191, 2194 (2019).  The First Circuit formally denied the appeal on November 25, 2020.

4. In March of 2021, the Suffolk County District Attorney's office ("SCDAO"), announced that it would seek to vacate all drug convictions where the substances were tested at the Hinton Laboratory between 2003 and 2012 because of the malfeasance of now-disgraced chemist, Annie Dookhan.

5. For Mr. Belis, this directly implicated three of the four prior state convictions for drug offenses that enhanced his guideline sentence both as Armed Career Criminal, and a Career Offender.  If successful, Mr. Belis would have one lone prior conviction for possession with intent to distribute heroin from 2013 out of Dorchester District Court, which would make him ineligible for designation as either a Career Offender or Armed Career Criminal.

6. Mr. Belis has appointed counsel through the Committee for Public Counsel Services regarding the motions for new trial in Massachusetts Court, Kathryn Ohren.

7. Attorney Ohren has filed motions for new trial in three cases: Suffolk Superior Court 0484-CR-10516; Dorchester District Court 0607-CR-6580; and; Suffolk Superior Court 0984-CR-10547.

8. At the time this petition was filed, Mr. Belis' Suffolk Superior Court 0984-CR-10547 conviction had been overturned. His motion for new trial in 0484-CR-10516 had been denied, but was on appeal, and remains in that current posture. Since that time, his motion for new trial on Dorchester District Court number 0607-CR-6580 has been allowed, and the case dismissed. Additionally, Mr. Belis will be filing a motion for vacateur of the remaining prior conviction, which is Dorchester District Court 1307-CR-2149.

9. This was defendant's first motion pursuant to 28 U.S.C. § 2255.

10. With the two overturned convictions, the defendant would not have qualified for a sentencing enhancement pursuant to the Armed Career Criminal Act. However, he would still arguably meet the criteria for Career Offender. He continues to pursue litigation to overturn the remaining convictions.

11. The defendant files this status update and requests a continued stay of the proceedings to ensure that Mr. Belis's rights pursuant to 28 U.S.C. § 2255 are sufficiently preserved so that if the issue becomes ripe in the future, that this filing stands as a time marker so that the Court and the government are aware of Mr. Belis's continued efforts toward vacateur of his prior state convictions.

12. As reasons therefore, the defendant requests no action be taken on this motion at this time.

## CONCLUSION

For the foregoing reasons, Mr. Belis respectfully requests that this Court vacate his sentence, but order that proceedings on this motion be stayed until the issue becomes ripe for argument.

Respectfully submitted,

By:

/s/ Austin C. Tzeng
AUSTIN C. TZENG
Law Office of Austin C. Tzeng
Suite 501
21 Mayor Thomas J. McGrath Hwy
Quincy, MA 02169
781-929-4882
COUNSEL TO Edgar Belis

**CERTIFICATE OF SERVICE**

The government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

/s/ Austin C. Tzeng, Esq.
Austin C. Tzeng, Esq.

.