FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2023 MAR -3  AM 11: 31

U.S. DISTRICT COURT

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | Case No. 1:17-cr-10042-NMG |
| ) | 1:21-cv-11908-NMG |
| Edgar Belis, ) | |
| ) | |
| Defendant. ) | |

*Defendant's Memorandum of Law in Support of
Motion to Correct Sentence Under § 2255*

Edgar Belis, Petitioner *pro se,* respectfully submits the following Memorandum of Law in support of his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed under 28 U.S.C. § 2255. As will be explained more thoroughly below, Mr. Belis is entitled to resentencing because the prior convictions used to elevate his mandatory minimum and further engage the career offender guideline have been vacated and dismissed.

**I. Statement of the Case**

Mr. Belis entered guilty pleas to the two counts of the indictment which charged possession with intent to distribute fentanyl and cocaine and felon in possession of a firearm and ammunition. Because he had three prior qualifying serious drug offense convictions on his record at the time of his plea, presentence investigation and sentencing, Mr. Belis was subjected to the enhanced penalties of the armed career criminal act. Those convictions were also used to apply the Guidelines career offender enhancements. But several of those convictions are now

1

vacated as a result of "The Hinton Lab Initiative" and, because of their clearly unconstitutional nature, can't be used to impose any kind of sentence for Belis's federal criminal conduct.

In 2012, Massachusetts law enforcement officials disclosed that a chemist, named Annie Dookhan, at the Hinton Lab was falsifying reports, intentionally contaminating negative samples so they would read positive, and committed other epic frauds in Commonwealth drug prosecutions for nearly a decade. The Commonwealth tried to find a path to ensuring only those cases that Annie Dookhan was involved with would be vacated. But, over the ensuing decade, it became apparent and undeniable that a catastrophic failure of management enabled nearly a decade worth of undetected testing fraud making it impossible for the Suffolk County District Attorney to ethically maintain that all other tests that were conducted at the lab were legitimate. As a result, the "Hinton Lab Initiative" was announced by the Suffolk County District Attorney who sought to vacate ALL drug convictions tied to the Hinton Lab in any way between May 1, 2003 and August 30, 2012. Following *vacatur* of a conviction, the District Attorney would move to nol. pros. the case in the "interests of justice."

As soon as Belis found out that his convictions would be vacated, he filed a place-holder motion with this Court to ensure that he remains time-compliant while the state system runs its course. And, for the most part, the state system has completed its task. However, the reviewing judge in case ending in *10516* (Suffolk Superior Court) decided against Belis's motion to vacate despite the Commonwealth's assent. On May 31, 2022, Belis briefed his appeal in that case which remains pending. The Commonwealth does not oppose a grant in the appeal and maintains that Belis' conviction should be vacated. Given the Commonwealth's position in that case, it appears that the appeal should be granted. While the state court's resolution in case ending in *10516* complicates the new Guidelines-calculus slightly, this case is now ripe for adjudication.



To be sure, the already-vacated convictions rendered the application of the Armed Career Criminal Act a nullity. That much is clear. And since the Armed Career Criminal Act raises the statutory mandatory minimum and maximum penalties for § 922(g) offenses, it is equally clear that Belis is entitled to resentencing.

It must be stressed that Belis is still maintaining that he is in fact guilty of the crimes federally charged. The only issue before the Court concerns reliance on the now-vacated (and one pending *vacatur*) convictions in determining his sentence. He pleaded guilty to the crimes charged by the government and will stand by his plea and in-court statements.

## II. Summary of Argument

This case is relatively simple. At the time he was sentenced, Belis was found to be an armed career criminal which set his mandatory minimum at 15-years. Moreover, because there were sufficient convictions to support the enhancement, Belis was also found to be a Guidelines career offender which resulting in a significantly greater Guidelines calculation. Since the sentencing hearing, the majority of Belis's priors were vacated because they were presumptively unconstitutional. As a result, he no longer qualifies as an armed career criminal and is no longer considered a Guidelines career offender. Circuit precedent establishes that Belis is entitled to resentencing as a result of these intervening events. He accordingly requests the Court vacate his sentence and set the case for a resentencing proceeding.

## III. Argument

The law is settled that when the convictions supporting an Armed Career Criminal Act enhancement are later vacated, the Movant is entitled to § 2255 relief. *United States v. Pettiford*, 101 F.3d 199, 2000 (1st Cir. 1996). But for the ACCA enhancement, Belis would have faced *only* a 10-year mandatory minimum under the CSA. Put differently, he wouldn't have suffered a



3

15-year mandatory minimum under the ACCA. Now that the ACCA doesn't apply, his s0entence for the 922(g) offense is well beyond the maximum sentence permitted by the statute. And it must be stressed that the now-vacated-priors were not vacated out of some legislative or executive grace. They were vacated because the convictions were presumptively unconstitutional in the Commonwealth's eyes. No other conclusion was available to the district attorney because the frauds at the Hinton Lab were so pervasive that they couldn't be attributed solely to Dookhan and, consequently, infected every other case to go through the lab over the course of a decade. As there are no longer sufficient convictions to support the ACCA penalty, *Pettiford* mandates *vacatur* of the sentence and resentencing.

What makes this case slightly complicated are the Guidelines calculations that will flow from the *vacatur* of the convictions. Even were this case solely a Guidelines issue, which it obviously isn't, the matter would still be cognizable under § 2255. *Cuevas v. United States*, 778 F.3d 267, 271-72 (1st Cir. 2015)(Lynch, C.J.). That's because the vacated convictions were used to increase Belis's Guidelines calculation in that he was subjected to the career offender proviso at § 4B1.1 using those very convictions. Id. As the original Guidelines calculations depended largely on the now-vacated convictions, Cuevas also mandates resentencing.

It is respectfully requested that a new presentence report be prepared in this case. The preparation of a new presentence report by probation should be developed to ensure changes in the law and the drastic criminal history reductions are properly calculated. There is zero shame in admitting that probation is far more experienced in evaluating Guidelines calculations and should be consulted on the matter.

While Belis requests the Court order the preparation of a new presentence report, in an abundance of caution, he will provide what he believes the Guidelines calculation should now be

and request that the Court impose a sentence within that Guidelines range if it does not order a full resentencing with a new PSR but instead decides to "correct" the sentence as is permitted under 28 U.S.C. § 2255.

Belis pleaded guilty to two counts. Count One was for possessing with intent to distribute more than 400 grams of fentanyl. Count Two was for being a prohibited person in possession of a firearm. Because the firearm was possessed in relation to the drug offense, the offenses were grouped for Guidelines purposes.

There is no dispute as to the Court's previous Guidelines offense level calculation. The Court calculated a converted drug weight between 3,000 and 10,000 kilograms yielding a base offense level of 32. *Tr. of Sentencing, Doc. 102, at 8:16-17, 9:4.* The Court applied a two-level enhancement for possession of a firearm and awarded a full reduction for acceptance of responsibility. *Id. at 9:10-14, 10:10-11.* However, the since the career offender Guideline no longer applies, Belis' final adjusted offense level is now 31.

The Court also calculated Belis' criminal history and applied eight points. Id. at 11:5-6. Because the majority of the convictions for which that calculation was based have been vacated (*PSR PARA 47 & 46*), four points no longer applies. Thus, Belis' criminal history score is now 4 points which yields a Category III (as opposed to category IV). Accordingly, the range of imprisonment recommended by the Guidelines is 135-168 months.

However, Belis would further argue that the three points applied for case number ending in *10516* should be offset by a three-point downward variance as that conviction is presumptively unconstitutional. It is clear that the Commonwealth believes that the conviction was wrongfully obtained through the use of unethical and illegal tactics and further believes the conviction should be vacated. Accordingly, Belis respectfully submits that he is a Category I





offender with a final offense level of 31. That results in a recommended Guidelines range of 108-135. Since Belis is subject to a mandatory minimum of 10 years, the range would be raised to 120-135.

Belis was sentenced to 228 months imprisonment originally. According to the Sentencing Commission's data files, such a sentence presents a significant disparity from those similarly situated. Indeed, only 9.1% of all category III fentanyl offenders received more than The 120 months. average sentence imposed for the exact same Guidelines sentence between 2015 and 2021 was 51 months. Thus, a sentence of 120 months would be more than sufficient, "bit not greater than necessary" to meet the goals of sentencing. As a result, he respectfully requests the Court correct his sentence to 120 months.



**Wherefore,** Defendant Edgar Belis respectfully requests the Court correct his sentence and resentence him to 120-months in the Bureau of Prisons. All other aspects of the sentence should remain the same.

Dated: 2-23-23

Respectfully Submitted,

*Edgar Belis*
Edgar Belis
Defendant *Pro Se*
Inmate Reg. No. 99529-038
Federal Correctional Institution
Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

### Certificate of Service

I certify that I caused a copy of the foregoing to be mailed on or about 2-23-23 to counsel for the United States as follows:

Kunal Pasricha, AUSA
Christopher J. Pohl, AUSA
United States Attorney's Office MA
1 Courthouse Way
Suite 9200
Boston, MA 02210

Dated: 2-23-23

*Edgar Belis*
Edgar Belis