United States District Court
District of Massachusetts

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| EDGAR BELIS, ) | 17-10042-NMG |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of defendant Edgar Belis ("Belis" or "defendant") for a reduction of sentence pursuant to 28 U.S.C. §2255 (Docket No. 121).

In April, 2018, defendant pled guilty to one count of possession with intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. §841(a)(1), and one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Docket No. 76). Later that year, this Court sentenced defendant to a term of imprisonment of 228 months, 5 years of supervised release, and a $200 special assessment (Docket No. 93), plus forfeiture (Docket No. 100).

Defendant now moves for a reduction of his sentence based on an anticipated change in his status as both an armed career criminal and career offender under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). Defendant also

requests that this Court stay the proceedings while he appeals his state court convictions. For the following reasons, defendant's motion will be denied for lack of jurisdiction.

Defendant qualified as both a career offender and an armed career offender at the time of his sentencing due to four predicate convictions. PSR, ¶¶43, 46, 47, 49, 52-53. His resulting guidelines range was 262 to 327 months of incarceration. Id., ¶86. Defendant asserts that his adjusted guidelines range should be 120 to 135 months after he successfully overturns all four of his predicate convictions. Docket No. 128 at 6.

As of November 24, 2021, when defendant filed his motion, he had successfully overturned one conviction and was in the process of challenging two more. Docket No. 121, ¶8. On August 1, 2022, defendant reported that a second conviction had been vacated but that his third challenge remained outstanding and he intended to challenge a fourth conviction. Docket No. 122. Defendant's most recent status report, filed October 11, 2024, confirms that there has been no resolution to his final two appeals. Docket No. 134, ¶7.

This Court lacks subject matter jurisdiction to consider defendant's motion because it is not ripe for review. See Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967). At the time of his initial filing, defendant acknowledged that his claim was

not ripe because he had overturned only one of four predicate convictions. ECF No. 121, ¶ 11. His proposed reason for the premature filing was

> to ensure that [his] rights pursuant to 28 U.S.C. § 2255 are sufficiently preserved so that if the issue becomes ripe in the future, that this filing stands as a time marker so that the Court and the government are aware of Mr. Belis's continued efforts towards vacateur[sic] of his prior state convictions.

Docket No. 121, ¶11.

By March, 2023, when defendant filed his memorandum in support of his motion, a second conviction had been vacated but the Massachusetts Superior Court for Suffolk County had rejected his motion to vacate his third conviction. Docket No. 128 at 2. Belis filed an appeal that was unopposed by the Commonwealth, but the appellate court had yet to rule. Id. Nevertheless, defendant erroneously asserted that his §2255 motion was ripe for adjudication because "it appear[ed] that the appeal should be granted." Id. Defendant cited the government's assent to his motion in support of his speculation that he would succeed on appeal. Id.

Defendant's third and fourth convictions were not then, and have not yet been, overturned. Despite his speculation, until such time as the state courts vacate all predicate convictions, this Court may not review defendant's motion based on "uncertain and contingent events that may not occur as anticipated or

indeed may not occur at all." Gilday v. Dubois, 124 F.3d 277, 295 (1st Cir. 1997).

Defendant cannot preserve claims under §2255 simply by filing a "placeholder motion" but, in any event, he need not do so. Defendant challenges his sentence under the fourth prong of §2255, which applies to

> assignments of error that reveal "fundamental defect[s]" which, if uncorrected, will "result[] in a complete miscarriage of justice."

David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (alterations in original)(quoting Hill v. United States, 368 U.S. 424, 428 (1962). Section 2255 imposes a one-year period of limitation for such claims, starting from

> the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(4).

A fact that triggers the limitations period is the vacatur of a state conviction, so long as the defendant challenged the conviction with due diligence. Johnson v. United States, 544, U.S. 295, 298 (2005). Belis will, therefore, have one year to file his claim from the time when, and if, his fourth predicate conviction is vacated. His only obligation will be to show to a Court of competent jurisdiction that he used due diligence in exercising his right of appeal.

## ORDER

For the reasons stated in the Memorandum, defendant's motion for reduction of sentence pursuant to 28 U.S.C. §2255 (Docket No. 121) is **DENIED** for lack of jurisdiction.

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated: October 31, 2024